James M. Piotrowski
Marty Durand
HERZFELD & PIOTROWSKI, LLP
P.O. Box 2864
824 West Franklin Street
Boise, ID 83702
Telephone: (208) 331-9200
Facsimile: (208) 331-9201
Email: James@hpllp.net
Email: Marty@hpllp.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Lenford Warren and Doris Warren, husband and wife; Kathleen Houghton; Jim Jambor; Jerry Williams and Sue Williams, husband and wife;<br><br>Plaintiffs,<br><br>v.<br><br>**Twin Islands, LLC**, an Idaho limited liability company, d.b.a. Republic Storage, Republic Storage Broadway, Republic Storage Broadway II, Republic Storage Caldwell, Republic Storage Chinden, Republic Storage Linden, Republic Storage Maple Grove, Republic Storage Meridian, Republic Storage Nampa, Republic Storage of Idaho, Republic Storage of Mountain Home, Republic Storage U-Save, and Republic Storage Willowbrook; **City Development, Inc.** d.b.a Republic Storage Joplin, Republic Storage of Eagle, Republic Storage of Star and Republic Storage U-Save; **Republic Storage of Mountain Home, LLP** d.b.a. Republic Storage of Mountain Home; **Republic Storage of Star, LLC** d.b.a. Republic | Case No.:<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT - 1**

Storage of Star; **U-Save Storage, LLC**    )
d.b.a. Republic Storage U-Save; **Jason**    )
**Smith and Staci P. Smith**, husband and    )
wife; and **Richard Phillips**; **Marsz**    )
**Investments, LLC** d.b.a. Republic Storage )
of Eagle;                                      )
                                               )
                  Defendants.                  )

Plaintiffs Lenford Warren and Doris Warren, husband and wife, Kathleen Houghton, Jim Jambor, Jerry Williams and Sue Williams, husband and wife, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs"), for their Complaint against Defendants allege as follows:

## NATURE OF THE CASE

1.     Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA"); the Idaho wage law, I.C. §§ 45-606, 45-607, 45-608, 45-609, and 45-610 ("hereinafter Idaho wage law'); and the Idaho Minimum Wage Law, I.C. §§ 44-1501, et seq., (hereinafter "Idaho minimum wage act").

2.     This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiffs and all other similarly situated employees employed by, or formerly employed by, Defendants pursuant to the FLSA.

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT -** 2

3.     This action is brought as a class action to recover unpaid overtime compensation, statutory penalties, interest, attorneys' fees and costs owed to Plaintiffs and all other similarly situated individuals employed by, or formerly employed by, Defendants pursuant to the Idaho wage law, I.C. §§ 45-606, 45-607, 45-608, 45-609, and 45-610.

4.     This action is also brought as a class action to recover unlawfully withheld minimum wages, statutory penalties, interest, attorneys' fees and costs owed to Plaintiffs and all other similarly situated individuals employed by, or formerly employed by, Defendants pursuant to Idaho Minimum Wage Law, I.C. §§ 44-1501, et seq.

5.     For at least three (3) years prior to the filing of this action (the "Liability Period"), Defendants had and continue to have a consistent policy and practice of requiring its employees, including Plaintiffs, to work well in excess of forty (40) hours per week without paying them proper overtime compensation  as required by federal and Idaho wage laws.  Plaintiffs were paid a salary of less than $455 per week.   Plaintiffs seek to recover unpaid overtime compensation, including interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of themselves and all similarly situated current and former employees who may opt-in pursuant to 29 U.S.C. § 216(b).

6.     Defendants intentionally, willfully and improperly failed to pay overtime and minimum wages to Plaintiffs and other employees, during or at the

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT - 3**

conclusion of their employment, in violation of the FLSA, Idaho wage law and the Idaho minimum wage act.

7.      Defendants failed to post notices in their workplace notifying employees of their rights pursuant to I.C. § 44-1507.  Defendants also failed to maintain payroll records showing the hours employees worked each day in violation of I.C. § 45-610.  Accordingly, Plaintiffs have raised a rebuttable presumption that Defendants did not pay the required minimum wage rate, and Defendants are subject to the civil penalties set forth in I.C. §§ 44-1508 and 45-607.

8.      Plaintiffs intend to request the Court to authorize notice to all such persons informing them of the pendency of the action and their right to "opt-into" this lawsuit pursuant to 29 U.S.C. § 216(b).

9.      Plaintiffs also intend to request the Court to certify a class action, under Fed. R. Civ. P. 23, for the purposes of asserting claims under the Idaho minimum wage act, I.C. §§ 44-1501, et seq.

10.     Plaintiffs also intend to request the Court to certify a class action, under Fed. R. Civ. P. 23, for the purposes of asserting claims under Idaho wage law, I.C. §§ 45-601, et seq.

## JURISDICTION AND VENUE

11.     This action arises, in part, under the statutes of the United States for violation of the FLSA, 29 USC 201, et seq.

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT -** 4

12.    This Court's jurisdiction over this matter is conferred   under    29 U.S.C. § 1331 since this matter arises under federal statute.  This Court has supplemental jurisdiction over the related state claims under 29 U.S.C. §1367.

13.    Under the provision of 29 U.S.C. § 216(b), this Court has jurisdiction over this matter as an action brought by Plaintiffs as individuals and as collective action brought on behalf of all current and former similarly situated employees of Defendants.

14.    Venue is proper under 28 U.S.C. § 1391 because Defendants employed Plaintiffs and others similarly situated, in this District and all or a substantial part of the events or omissions giving rise to the claims occurred in the state of Idaho.

**PARTIES**

15.    At all times relevant to the matters alleged herein, Plaintiffs worked and resided in the state of Idaho.  Plaintiffs Lenford Warren and Doris Warren worked at Republic Storage of Eagle.  Plaintiffs Kathleen Houghton and Jim Jambor worked at Republic Storage Joplin 1.  Plaintiffs Jerry Williams and Sue Williams worked at Republic Storage Caldwell.  Plaintiffs were full-time non-exempt employees of Defendants during the Liability Period.

16.    Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Complaint as Exhibit A, are the Consents to Become Party Plaintiff, signed by the above-named Representative Plaintiffs.

CRITICAL

17.     Upon information and belief, Defendant Twin Islands is an Idaho limited liability company which operates self storage facilities throughout the State of Idaho.

18.     Upon information and belief, Defendant City Development, Inc. is an Idaho corporation which operates self storage facilities throughout the State of Idaho.

19.     Upon information and belief, Defendant Republic Storage of Mountain Home, LLP is an Idaho limited liability partnership which operates self storage facilities throughout the State of Idaho.

20.     Upon information and belief, Defendant Republic Home Storage of Star, LLC is an Idaho limited liability company which operates self storage facilities throughout the State of Idaho.

21.     Upon information and belief, Defendant U-Save Storage, LLC is an Idaho limited liability company which operates self storage facilities throughout the State of Idaho.

22.     Upon information and belief, Defendants Jason Smith and Staci P. Smith, are a married couple and are residents of Idaho.  They have acted on behalf of one or more employers that are Defendants in this action and have caused events to occur giving rise to this Complaint for which they are liable.

23.     Upon information and belief, Defendant Richard Phillips is a resident of Idaho.  Phillips has acted on behalf of one or more employers that are

Defendants in this action and has caused events to occur giving rise to this Complaint for which he is liable.

## FACTUAL BACKGROUND

24.     At all relevant times, Twin Islands was a covered "employer" as defined in 29 U.S.C. § 203(d) and I.C. §§ 44-1503 and 45-1601.

25.     Defendant Twin Islands is an Idaho limited liability company.  Twin Islands' Manager is City Development, Inc., an Idaho corporation.  Defendant Staci P. Smith is Director and President of City Development, Inc.  Jason Smith is Treasurer and Secretary of City Development, Inc.  Defendants Jason Smith and Staci P. Smith, husband and wife, exercised significant economic control over Twin Islands, City Development and the storage facilities operated by those entities, participated in the decision to classify Plaintiffs as exempt from overtime compensation in violation of the FLSA, and participated in the decision to pay Plaintiffs less than the statutory minimum wage.  Further, Defendants Smith failed to ensure that notices were posted in the storage facilities operated by those workplaces notifying employees of their rights and failed to maintain records of employee hours worked, pursuant to I.C. §§ 44-1507 and 45-610.  Pursuant to the FLSA and I.C. §§ 44-1503 and 45-1601, Defendants Jason Smith and Staci P. Smith are also a covered "employer" subject to personal liability for unpaid wages due to Plaintiffs and other similarly situated.

26.     Defendant Richard Phillips is owner of Republic Storage, Republic Storage Broadway, Republic Storage Broadway II, Republic Storage Caldwell,

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT -** 7

Republic Storage Chinden, Republic Storage Joplin, Republic Storage Linden, Republic Storage Maple Grove, Republic Storage Meridian, Republic Storage Nampa, Republic Storage of Idaho, Republic Storage of Mountain Home, Republic Storage of Star and Republic Storage Willowbrook.   Defendant Richard Phillips exercised significant economic control over the above named Republic Storage facilities, participated in the decision to classify Plaintiffs as exempt from overtime compensation in violation of the FLSA, and participated in the decision to pay Plaintiffs less than the statutory minimum wage.   Further, Defendant Richard Phillips failed to ensure that notices were posted in the above named Republic Storage workplaces notifying employees of their rights and failed to maintain records of employee hours worked, pursuant to I.C. §§ 44-1507 and 45-610.   Pursuant to the FLSA and I.C. §§ 44-1503 and 45-1601, Defendants Richard Phillips is also a covered "employer" subject to personal liability for unpaid wages due to Plaintiffs and other similarly situated.

27.   Defendant Republic Storage of Mountain Home, LLP ("Mountain Home, LLP") is an Idaho limited liability partnership.   Mountain Home, LLP operates Republic Storage of Mountain Home, a storage facility.

28.   Defendant Republic Storage of Star, LLC ("Star, LLC") is an Idaho limited liability company.   Star, LLC operates Republic Storage of Star, a storage facility.   Defendants Star, LLC, and City Development failed to ensure that notices were posted in Republic Storage of Star notifying employees of their rights

and failed to maintain records of employee hours worked, pursuant to I.C. §§ 44-1507 and 45-610.

29.   Defendant U-Save Storage, LLC ("U-Save, LLC") is an Idaho limited liability company.  U-Save, LLC operates Republic Storage U-Save, a storage facility.   Defendants Rod Blackstead ("Blackstead") and City Development, Inc. ("City Development") are Managers of U-Save, LLC.   As Managers, Defendants Blackstead and City Development exercised significant economic control over Republic Storage U-Save, participated in the decision to classify Plaintiffs as exempt from overtime compensation in violation of the FLSA, and participated in the decision to pay Plaintiffs less than the statutory minimum wage.   Further, Defendants U-Save, LLC, Blackstead and City Development failed to ensure that notices were posted in Republic Storage U-Save notifying employees of their rights and failed to maintain records of employee hours worked, pursuant to I.C. §§ 44-1507 and 45-610.  Pursuant to the FLSA and I.C. §§ 44-1503 and 45-1601, Defendant Blackstead is also a covered "employer" subject to personal liability for unpaid wages due to Plaintiffs and other similarly situated.   Defendant Blackstead acted in the interest of his marital community, and as such, Defendants Rod Blackstead and Jane Doe Moyle are liable.

30.   Defendant Republic Storage of Eagle is a storage facility owned and operated by Defendants Marsz Investments, LLC ("Marsz") and City Development, Inc. ("City Development").  As owners and operators of Republic Storage of Eagle, Defendants Marsz and City Development exercised significant

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT - 9**

economic control over Republic Storage of Eagle, participated in the decision to classify Plaintiffs as exempt from overtime compensation in violation of the FLSA, and participated in the decision to pay Plaintiffs less than the statutory minimum wage. Further, Defendants Marsz and City Development failed to ensure that notices were posted in Republic Storage of Eagle notifying employees of their rights and failed to maintain records of employee hours worked, pursuant to I.C. §§ 44-1507 and 45-610.

31. From 2005 forward, Defendants had a policy or practice of requiring Plaintiffs and other similarly situated employees to work in excess of 40 hours per week, but directed them to only record 35 hours of work on their weekly timecard in an effort to avoid overtime liability under the FLSA.

32. Plaintiffs and other similarly situated employees were paid a base salary of less than $455 per week and were not properly compensated for hours worked in excess of 40 hours per week.

33. Plaintiffs and other similarly situated non-exempt salaried employees were entitled to overtime compensation at the rate of one and one-half times the regular hourly rate for hours worked in excess of 40 hours per week.

34. Plaintiffs and others similarly situated employees did not, at any relevant time, receive additional compensation for hours worked in excess of 40 hours per week. This practice violates the requirements of the FLSA and Idaho wage law.

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT - 10**

35.    Plaintiffs and others similarly situated employees were not paid the Idaho minimum wage for all hours work.   This practice violates the Idaho minimum wage act.

## COLLECTIVE ACTION ALLEGATIONS

36.    Plaintiffs bring their claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action.

37.    Defendants' employees, including Plaintiffs, have been victimized by the aforementioned pattern, practice and policy of failing to pay overtime wages in willful violation of the FLSA.

38.    Plaintiffs bring this action on behalf of themselves and others similarly situated defined as: All current and former employees misclassified as "Exempt Office Managers" by Defendants at any time during the period of March 2008 until the present or until Defendants stopped violating the FLSA (collectively "the Proposed Class").  Plaintiffs reserve the right to update, amend and supplement the definition of office managers and those included in this grouping, as appropriate, during the course of this lawsuit and as information is disclosed and uncovered through future discovery should additional similarly situated current and former employees of Defendants be discovered or the definition of who qualifies as similarly situated need to be modified or updated.

39.    Other members of the Proposed Class reported to Plaintiffs that they were paid in the same manner, and were required to work overtime hours without proper compensation.

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT - 11**

40.     Other members of the Proposed Class performed the same or similar job duties as Plaintiffs.  These nonexempt employees regularly worked more than 40 hours in a workweek.  Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to the Plaintiffs in terms of job duties and pay provisions.

41.     Defendants' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiffs' experiences are typical of the experience of the other members of the Proposed Class.   Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## CLASS ACTION ALLEGATIONS

42.     Plaintiffs bring their state law claims (as opposed to FLSA claims which are being brought as a collective action) as a class action pursuant to Fed. R. Civ. P. 23, on behalf of individuals entitled to unlawfully withheld wages, statutory damages and other statutory penalties under Idaho wage law, I.C. §§ 45-606, 45-607, 45-608, 45-609, and 45-610; and unlawfully withheld minimum wages, statutory damages and other statutory penalties under the Idaho Minimum Wage Law, I.C. §§ 44-1501, et seq.

43.     Plaintiffs and the Proposed Class meet the necessary prerequisites for class-based relief pursuant to Fed. R. Civ. P. 23(a).

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT -** 12

44.     Plaintiffs and the Proposed Class of victims were employed by Defendants as full-time non-exempt employees who were required to work in excess of 40 hours per week without receiving overtime compensation and without receiving the Idaho minimum wage.

45.     Plaintiffs bring this action on behalf of themselves and the Proposed Class, defined as: All current and former employees employed by Defendants as office managers at any time during the period of March 2008 until the present or until Defendants stopped violating Idaho wage law and the Idaho minimum wage act.

46.     Plaintiffs were not paid overtime compensation after working in excess of 40 hours per week and have reported that other office managers also worked overtime for Defendants without additional compensation.

47.     Plaintiffs were not paid the Idaho minimum wage and have reported that other office managers also worked for Defendants without being paid the Idaho minimum wage.

48.     These nonexempt employees regularly worked more than 40 hours in a workweek.  Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to the Plaintiffs in terms of job duties and lack of overtime compensation.

49.     These employees were regularly paid less than the Idaho minimum wage.  Accordingly, the employees victimized by Defendants' unlawful pattern

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT - 13**

and practices are similarly situated to the Plaintiffs in terms of job duties and underpayment of the Arizona minimum wage.

50.     The potential quantity of Class members as defined is so numerous that joinder of all members is impractical.

51.     The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

52.     There are numerous and substantial questions of law and fact common to all Proposed Class members that control this litigation and predominate over any individual issues.  Included within the common questions are:

        a.     Whether the Proposed Class members worked over 40 hours per week;

        b.     Whether the Proposed Class members were paid less than the Idaho minimum wage;

        c.     Whether Defendants violated Idaho wage law by failing to timely pay all wages owed;

        d.     Whether Defendants acted willfully;

        e.     The correct statute of limitations for class claims; and

        f.     The nature and extent of any damages caused by Defendants' violations of Idaho wage law and the Idaho minimum wage act.

53.     Plaintiffs' claims are typical of the claims of the Proposed Class because all members of the Proposed Class sustained damages arising out of

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT - 14**

Defendants' common course of conduct in violation of Idaho law, and the damages of all members of the Proposed Class were caused by Defendants' wrongful conduct in violation of Idaho law, as alleged herein.   Moreover, Defendants' failure to properly pay employees as required by Idaho wage and minimum wage laws results from generally applicable policies or practices and does not depend on personal circumstances of the members of the Proposed Class. Plaintiffs' experiences are typical of the experience of the Proposed Class members.

54.     Plaintiffs will fairly and adequately protect the interests of all Proposed Class Members.  Plaintiffs do not possess interests that are antagonistic to the interests of other Proposed Class members and Plaintiffs have retained counsel experienced and competent in the prosecution of wage violations and other similar types of litigation.

55.     This action is maintainable as a class action because the prerequisites of Fed. R. Civ. P. 23 are satisfied as outlined above.  In addition, the questions of law or fact common to the Proposed Class members predominate over any questions affecting only individual members, and a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include: (A) the interest of the Proposed Class members in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against the Proposed Class members; (C)

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT -** 15

the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.

56.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## COUNT ONE

**(Failure to Properly Pay Overtime Wages in Violation of the FLSA)**

57.    Plaintiffs incorporate by reference the allegations above.

58.    At all times pertinent to this Complaint, Plaintiffs were nonexempt employees paid on a salaried basis of less than $455 per workweek.

59.    At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiffs worked for Defendants in excess of 40 hours per week, but Defendants failed to pay Plaintiffs for those excess hours at the rate of one and one-half times Plaintiffs' regular rate of pay as required by the FLSA.

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT - 16**

60.    Defendants' failure to pay overtime to Plaintiffs was willful as Defendants did not act in good faith in failing to pay proper overtime pay, and had no reason to believe their failure to do so was not a violation of the FLSA.

61.    Plaintiffs have suffered economic damages as a result of the unlawful acts of Defendants and are entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to, payment for the uncompensated hours worked, liquidated damages and attorneys' fees and costs.

## COUNT TWO

### (Violations of Idaho Minimum Wage Act)

62.    Plaintiffs incorporate by reference the allegations above.

63.    Defendants were aware of their obligation to pay minimum wages to Plaintiffs pursuant to I.C. § 44-1501, et seq.

64.    Defendants were required to pay Plaintiffs the state minimum wage pursuant to I.C. § 44-1502 but failed to do so.  Defendants were required to post notices in their workplaces notifying employees of their rights pursuant to I.C. § 44-1507 but failed to do so.  Defendants were required to maintain payroll records showing the hours worked each day by each employee pursuant to I.C. § 45-610 but failed to do so.

65.    Defendants willfully failed and refused to pay minimum wages due to Plaintiffs at the end of each regular pay period.  Defendants willfully failed and refused to post notices in their workplaces notifying employees of their rights.  Defendants willfully failed and refused to maintain payroll records showing the

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT -** 17

hours worked each day by employees.

66.     As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided I.C. § 44-1508 and Chapter 6, Title 45 of the Idaho Code.

## COUNT THREE

### (Failure to Timely Pay Wages in Violation of Idaho Wage Statutes)

67.     Plaintiffs incorporate by reference the allegations above.

68.     Defendants were aware of their obligation to pay overtime wages to Plaintiffs pursuant to I.C. § 45-601, et seq.

69.     Defendants were required pursuant to I.C. § 45-607 to pay Plaintiffs all wages due, including overtime compensation, at the end of every regular pay period.

70.     Defendants were required pursuant to I.C. § 45-607 to pay Plaintiffs all wages due, including overtime compensation, within the statutory time periods set forth in I.C. § 45-607.

71.     Defendants willfully failed and refused to timely pay wages due to Plaintiffs at the end of each regular pay period.

72.     Defendants willfully failed to pay wages due upon Plaintiffs upon termination of the employment relationship.

73.     As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided in I.C. § 45-607.

### DEMAND FOR JURY TRIAL

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT -** 18

Plaintiffs, on behalf of themselves and all other similarly-situated current and former employees of Defendants, hereby demand trial of their claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of all others similarly situated, pray:

A.      For the Court to declare and certify that this action can proceed as a collective action under the FLSA on behalf of Plaintiffs and other similarly situated individuals employed by, or formerly employed by, Defendants;

B.      For the Court to order Defendants to file with this Court and furnish to Plaintiffs' counsel a list of the names and addresses of all individuals employed by Defendants in Arizona within the three years immediately preceding commencement of this action;

C.      For the Court to authorize Plaintiffs' counsel to issue notice at the earliest possible time to all of Defendants' current and former employees during the three years immediately preceding this action, informing them that this action has been filed, the nature of the action, and of their right to opt into the lawsuit if they worked hours in excess of 40 hours in a week during the Liability Period but were not paid overtime as required by the FLSA;

D.      For the Court to declare and certify that this action can proceed as a class action under Fed. R. Civ. P. 23 on behalf of Plaintiffs and other similarly situated individuals employed by, or formerly employed by, Defendants entitled to

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT -** 19

unlawfully withheld wages, statutory remedies, and other statutory penalties under Idaho wage law, I.C. §§ 45-601, et. seq.

      E.      For the Court to declare and find that the Defendants committed one or more of the following acts:

            i.      Violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiffs and persons similarly situated who opt into this action; and

            ii.      Willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

            iii.      Violated minimum wage provisions of the Idaho minimum wage act, I.C. § 44-1502 and 44-1507;

            iv.      Willfully violated minimum wage provisions of the Idaho minimum wage act, I.C. § 44-1502 and 44-1507;

            v.      Violated Arizona wage law, I.C. § 45-607, by failing to pay Plaintiffs all wages due within the statutory time periods set forth in I.C. § 45-606;

      D.      For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), and allowed statutory damages pursuant to I.C. § 45-607, to be determined at trial;

      E.      For the Court to award Plaintiffs' reasonable attorneys' fees and costs;

      F.      For the Court to award pre-judgment interest on all overtime compensation and minimum wages due, accruing from the date such amounts

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT -** 20

were due, and post-judgment interest; and

      G.    For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

DATED this 11th day of March, 2011

                     HERZFELD & PIOTROWSKI, LLP

                    /s/
                    James M. Piotrowski
                    Attorneys for Plaintiff

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT -** 21