Neil D. McFeeley, ISB No. 3564
Stanley J. Tharp, ISB No. 3883
Corey J. Rippee, ISB No. 6803
EBERLE, BERLIN, KADING, TURNBOW
   &amp; McKLVEEN, CHARTERED
1111 West Jefferson Street, Suite 530
Post Office Box 1368
Boise, Idaho 83701
Telephone: (208) 344-8535
Facsimile: (208) 344-8542

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LENFORD WARREN and DORIS WARREN, husband and wife; KATHLEEN HOUGHTON; JIM JAMBOR; JERRY WILLIAMS and SUE WILLIAMS, husband and wife,<br><br>                Plaintiffs,<br><br>vs.<br><br>TWIN ISLANDS, LLC, an Idaho limited liability company, d.b.a. Republic Storage, Republic Storage Broadway, Republic Storage Broadway II, Republic Storage Caldwell, Republic Storage Chinden, Republic Storage Linden, Republic Storage Maple Grove, Republic Storage Meridian, Republic Storage Nampa, Republic Storage of Idaho, Republic Storage of Mountain Home, Republic Storage U-Save, and Republic Storage Willowbrook; CITY DEVELOPMENT, INC., d.b.a. Republic Storage Joplin, Republic Storage of Eagle, Republic Storage of Star and Republic Storage U-Save; REPUBLIC STORAGE OF MOUNTAIN HOME, LLP, d.b.a. Republic Storage of Mountain Home; REPUBLIC | Case No. CIV 11-98-S-BLW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

STORAGE OF STAR, LLC, d.b.a. Republic Storage of Star; U-SAVE STORAGE, LLC, d.b.a. Republic Storage U-Save; JASON SMITH AND STACI P. SMITH, husband and wife; and RICHARD PHILLIPS; MARSZ INVESTMENTS, LLC, d.b.a. Republic Storage of Eagle,

Defendants.

COME NOW the Defendants **TWIN ISLANDS, LLC,** an Idaho limited liability company, d.b.a. Republic Storage, Republic Storage Broadway, Republic Storage Broadway II, Republic Storage Caldwell, Republic Storage Chinden, Republic Storage Linden, Republic Storage Maple Grove, Republic Storage Meridian, Republic Storage Nampa, Republic Storage of Idaho, and Republic Storage Willowbrook; **CITY DEVELOPMENT, INC.,** d.b.a. Republic Storage Joplin, Republic Storage of Eagle; **REPUBLIC STORAGE OF MOUNTAIN HOME, LLP**; **REPUBLIC STORAGE OF STAR, LLC**; **U-SAVE STORAGE, LLC,** d.b.a. Republic Storage U-Save; **JASON SMITH AND STACI P. SMITH,** husband and wife; **RICHARD PHILLIPS**; and **MARSZ INVESTMENTS, LLC,** d.b.a. Republic Storage of Eagle, LLP ("Defendants"), by and through their attorneys of record, Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered, and in Answer to the Plaintiffs' First Amended Complaint ("Complaint") hereby admit, deny, and allege as follows:

1. The Complaint fails to state a cause of action against the Defendants upon which relief can be granted and the Complaint should therefore be dismissed.

2. The Complaint is not properly before the Court as the form of the Complaint is in violation of the District of Idaho Local Civil Rules.

3. The Defendants deny each and every allegation of the Complaint not herein expressly and specifically admitted.

## NATURE OF THE CASE

4. In response to Paragraphs 1, 2 3, 4, 5, 6 and 7 of the Complaint, the Defendants deny the allegations contained therein.

5. Paragraphs 8, 9 and 10 of the Complaint do not require an admission, denial or response from the Defendants.

## JURISDICTION AND VENUE

6. In response to Paragraphs 11, 12 and 13 of the Complaint, the Defendants deny the allegations contained therein.

7. In response to Paragraph 14 of the Complaint, the Defendants admit venue is proper but deny the remaining allegations.

## PARTIES

8. In response to Paragraph 15 of the Complaint, the Defendants admit that Plaintiffs worked at the various locations described, but deny the remaining allegations contained therein.

9. Paragraph 16 of the Complaint does not require an admission, denial or response from the Defendants.

10. In response to Paragraph 17 of the Complaint, the Defendants admit that Twin Islands is an Idaho limited liability company which operates self storage facilities in Ada and Canyon counties, but denies the remaining allegations contained therein.

11. In response to Paragraph 18 of the Complaint, the Defendants admit that City Development is an Idaho corporation which operates self storage facilities in Ada and Canyon counties, but denies the remaining allegations contained therein.

12. In response to Paragraph 19 of the Complaint, the Defendants admit that Republic Home Storage of Mountain Home, LLP, operates a self storage facility in Elmore County.

13. In response to Paragraph 20 of the Complaint, the Defendants deny that Republic Home Storage of Star, LLC operates facilities but admit that Republic Storage of Star, LLC, operates a self storage facility in Ada County.

14. In response to Paragraph 21 of the Complaint, the Defendants admit that U-Save Storage, LLC, operates a self storage facility in Nampa.

15. In response to Paragraph 22 of the Complaint, the Defendants admit that Staci P. Smith and Jason Smith are married and residents of Idaho, but deny the remaining allegations contained therein.

16. In response to Paragraph 23 of the Complaint, the Defendants admit that Richard Phillips is a resident of Idaho, but deny the remaining allegations contained therein.

## FACTUAL BACKGROUND

17. Paragraph 24 of the Complaint calls for a legal conclusion and therefore no response is necessary.

18. In response to Paragraph 25 of the Complaint, the Defendants admit: (1) that Defendant Twin Islands is an Idaho limited liability company; (2) Twin Islands' Manager is City Development, Inc., an Idaho corporation; (3) Defendant Staci P. Smith is Director and President of City Development, Inc.; and (4) Jason Smith is Treasurer and Secretary of City Development, Inc., but deny the remaining allegations contained therein.

19. In response to Paragraph 26 of the Complaint, the Defendants deny the allegations contained therein.

20. In response to Paragraph 27 of the Complaint, the Defendants admit the allegations contained therein.

21. In response to Paragraph 28 of the Complaint, the Defendants admit that Republic Storage of Star, LLC, is an Idaho limited liability company and operates Republic Storage of Star, a storage facility, but deny the remaining allegations contained therein.

22. In response to Paragraph 29 of the Complaint, the Defendants admit that U-Save Storage, LLC, is an Idaho limited liability company and that it operates the Republic Storage U-Save storage facility but deny the remaining allegations contained therein.

23. In response to Paragraphs 30, 31 and 32 of the Complaint, the Defendants deny the allegations contained therein.

24. Paragraph 33 of the Complaint calls for a legal conclusion and therefore no response is necessary.

25. In response to Paragraphs 34 and 35 of the Complaint, the Defendants deny the allegations contained therein.

## COLLECTIVE ACTION ALLEGATIONS

26. Paragraph 36 of the Complaint does not require an admission, denial or response from the Defendants.

27. In response to Paragraphs 37, 38, 39, 40 and 41 of the Complaint, the Defendants deny the allegations contained therein.

## CLASS ACTION ALLEGATIONS

28. In response to Paragraphs 42, 43, 44, 45, 46, 47, 48, 49 and 50 of the Complaint, the Defendants deny the allegations contained therein.

29. In response to Paragraph 51 of the Complaint, the Defendants admit that the identity of past and present employees of Defendants are ascertainable from the Defendants' records.

30. In response to Paragraphs 52, 53, 54, 55 and 56 of the Complaint, the Defendants deny the allegations contained therein.

## COUNT ONE
### (Failure to Properly Pay Overtime Wages in Violation of the FLSA)

31. In response to Paragraph 57 of the Complaint, the Defendants reallege and incorporate by reference herein all of the admissions, denials and allegations heretofore made.

32. In response to Paragraphs 58, 59, 60 and 61 of the Complaint, the Defendants deny the allegations contained therein.

## COUNT TWO
### (Violations of Idaho Minimum Wage Act)

33. In response to Paragraph 62 of the Complaint, the Defendants reallege and incorporate by reference herein all of the admissions, denials and allegations heretofore made.

34. In response to Paragraph 63 of the Complaint, the Defendants admit the allegations contained therein.

35. In response to Paragraphs 64, 65 and 66 of the Complaint, the Defendants deny the allegations contained therein.

## COUNT THREE
### (Failure to Timely Pay Wages in Violation of Idaho Wage Statutes)

36. In response to Paragraph 67 of the Complaint, the Defendants reallege and incorporate by reference herein all of the admissions, denials and allegations heretofore made.

37. In response to Paragraph 68 of the Complaint, the Defendants admit they are aware of the obligation to pay overtime, if any there was, but deny the remaining allegations contained therein.

38. Paragraphs 69 and 70 of the Complaint call for legal conclusions and therefore no response is necessary.

39. In response to Paragraphs 71, 72 and 73 of the Complaint, the Defendants deny the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

40. By pleading certain defenses as "affirmative defenses," Defendants do so for the purpose of completeness and do not intend to suggest that they have the burden of proof for any such defense.

## SECOND AFFIRMATIVE DEFENSE

41. The Plaintiffs may be exempt from overtime wages pursuant to various FLSA exemptions.

## THIRD AFFIRMATIVE DEFENSE

42. Upon information and belief, Defendants assert that any state law penalties should be offset by any liquidated damages awarded under the FLSA.

## FOURTH AFFIRMATIVE DEFENSE

43. The Defendants did not intentionally or willfully withhold or underpay wages, and acted in good faith at all times in attempting to comply with their obligations under the FLSA and Idaho law.

## FIFTH AFFIRMATIVE DEFENSE

44. There was a "reasonable agreement" between the Defendants and Plaintiffs on the amount of time allotted to working while living on the premises.

## SIXTH AFFIRMATIVE DEFENSE

45. Plaintiffs' claims, or a portion thereof, should be dismissed for failure to comply with the two year statute of limitations pursuant to Idaho Code § 45-614 and the Fair Labor Standards Act, 29 USC § 255.

## SEVENTH AFFIRMATIVE DEFENSE

46. This Court does not have supplemental or subject matter jurisdiction over the Plaintiffs' state law claims.

## EIGHTH AFFIRMATIVE DEFENSE

47. Without assuming the burden of proof, Defendants complied with all record keeping requirements of the FLSA and Idaho law.

## NINTH AFFIRMATIVE DEFENSE

48. Defendants are entitled to a credit and/or offset in the amount of all non-cash payments made to the Plaintiffs, and all those similarly situated, in the form of employee-furnished lodging or other facilities pursuant to 29 U.S.C. 203(m).

## TENTH AFFIRMATIVE DEFENSE

49. Without assuming liability, Defendants are entitled to an offset against any amounts due (which are denied), an amount equal to the amount Defendants paid, or overpaid, the Plaintiffs, including any amounts paid to the Plaintiffs under the "fluctuating workweek" provisions of the FLSA.

## ELVENTH AFFIRMATIVE DEFENSE

50. The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

## TWELFTH AFFIRMATIVE DEFENSE

51. Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

### THIRTEENTH AFFIRMATIVE DEFENSE

52. Some of the activities for which Plaintiffs seek compensation were not "work" within the meaning of the FLSA. Some of the activities were not integral and indispensable to the principal activities of Defendants and/or were taken for Plaintiffs' own convenience.

### FOURTEENTH AFFIRMATIVE DEFENSE

53. Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### FIFTEENTH AFFIRMATIVE DEFENSE

54. The Defendants complied with all provisions of FLSA, the Idaho Minimum Wage Act and Idaho wage statutes.

### SIXTEENTH AFFIRMATIVE DEFENSE

55. The Plaintiffs' causes of action are barred by the doctrine of misrepresentation and/or fraud, on the grounds that Plaintiffs now claim they worked more than forty (40) hours per week but represented to the Defendants by signing their time cards that they worked less than forty (40) hours per week.

### SEVENTEENTH AFFIRMATIVE DEFENSE

56. The work that Plaintiffs claim was not included in determining their total hours of work in the work week for purposes of computing the overtime compensation due them was negligible in amount and, hence, was de minimis; the Court should not give cognizance to the amount and should deny any recovery for such claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

57. The activities on which Plaintiffs base their claim for overtime compensation and minimum wages consisted of activities which were not compensable by either an express provision of any written or non-written contract or by any custom or practice in effect at the time of such activities; or, if compensable by such contract, custom, or practice, the activities were not engaged in by Plaintiffs during the portion the day with respect to which they were so made compensable. Accordingly, under the provisions of Section 4 of the Portal-to-Portal Act (29 USC § 254), Defendants are relieved of any liability for the overtime compensation and minimum wage claims by Plaintiffs.

## NINTEENTH AFFIRMATIVE DEFENSE

58. Without admitting that any of Defendants' acts and omissions violated the Fair Labor Standards Act, Defendants aver that any such acts and omissions on their part were committed in good faith and that Defendants had reasonable grounds for believing that such acts or omissions were not a violation of the Act. Defendants accordingly request that the Court, in the exercise of its sound discretion, not make any award of liquidated damages to Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

59. All of the Defendants' self-storage facilities are within a thirty (30) mile radius of the general office with the exception of Mountain Home, which is approximately fifty-two (52) miles from the general office.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

60. A defined class does not exist for purposes of a class action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

61. The class is not so numerous that joinder of all members is impractical.

### TWENTY- THIRD AFFIRMATIVE DEFENSE

62. There are no common questions of law or fact to the alleged class.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

63. The claims or defenses of the representative parties are not typical of the claims or defenses of the alleged class.

### TWENTY- FIFTH AFFIRMATIVE DEFENSE

64. Plaintiffs' representatives will not fairly and adequately protect the interests of the alleged class.

### TWENTY- SIXTH AFFIRMATIVE DEFENSE

65. These FLSA claims may not proceed as a class action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

66. Plaintiffs are barred from maintaining their state law causes of action based on the doctrine of unclean hands.

### TWENTY- EIGHTH AFFIRMATIVE DEFENSE

67. Plaintiffs are barred from maintaining their state law causes of action based on the doctrine of waiver.

### TWENTY- NINTH AFFIRMATIVE DEFENSE

68. As a defense to Plaintiffs' state law causes of action, Plaintiffs are in violation of Idaho Code § 45-612 by filing a false claim for wages and are guilty of a misdemeanor.

### THIRTIETH AFFIRMATIVE DEFENSE

69. Plaintiffs are barred from maintaining their state law causes of action based on the doctrine of estoppel.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

70. Plaintiffs are barred from maintaining their state law causes of action based on the doctrine of laches.

### THIRTY- SECOND AFFIRMATIVE DEFENSE

71. As a defense to Plaintiffs' state law causes of action, Plaintiffs may have failed to mitigate their damages, if any.

### THIRTY- THIRD AFFIRMATIVE DEFENSE

72. Plaintiffs are barred from maintaining their state law causes of action based on the doctrine of unjust enrichment.

### THIRTY- FOURTH AFFIRMATIVE DEFENSE

73. The Plaintiffs' state law causes of action are barred by accord and satisfaction.

### THIRTY- FIFTH AFFIRMATIVE DEFENSE

74. The Plaintiffs' state law claims are subject to the right of set-off.

### THIRTY- SIXTH AFFIRMATIVE DEFENSE

75. As a defense to Plaintiffs' state law causes of action, the amount of Plaintiffs' claims are unliquidated.

### THIRTY- SEVENTH AFFIRMATIVE DEFENSE

76. At the present time and with the present state of discovery, the Defendants are not able to fully state, in complete detail, all the affirmative defenses that may exist with respect to Plaintiffs' Complaint. Therefore, the Defendants are asserting the affirmative defenses which are presently known to them, but are specifically and expressly reserving the right to assert additional affirmative defenses, once discovery in this matter proceeds.

## CLAIM FOR ATTORNEYS FEES

77. As a result of the filing of Plaintiffs' Complaint herein, the Defendants have been required to retain counsel for the defense of said action, and have retained the law firm of Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered, to defend this matter. Defendants should be awarded reasonable attorneys' fees and costs pursuant to Idaho Code §§ 12-120, 12-121, 12-123, 45-615 and/or other applicable federal statutes or rules.

**WHEREFORE**, having fully answered the Complaint and asserting affirmative defenses hereto, the Defendants pray for judgment against the Plaintiffs as follows:

1. That Plaintiffs' Complaint, and each cause of action and/or claim stated therein, be dismissed with prejudice, with Plaintiffs taking nothing thereby.

2. That the Court award to the Defendants their costs and attorneys' fees incurred herein.

3. That the Court award such other and additional relief as the Court deems just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Dist. Idaho Loc. Civ. R. 38.1, the Defendants respectfully request a jury trial of not less than twelve (12) jurors on all issues triable by a jury.

DATED this 11 day of July, 2011.

                    EBERLE, BERLIN, KADING, TURNBOW
                          & McKLVEEN, CHARTERED

By /s/ Neil McFeeley
    Neil D. McFeeley, of the firm
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was served upon the following attorney(s) this 11th day of July, 2011, as indicated below and addressed as follows:

| | |
|---|---|
| James M. Piotrowski<br>Marty Durand<br>HERZFELD & PIOTROWSKI, LLP<br>Post Office Box 2864<br>824 West Franklin Street<br>Boise, Idaho 83702<br>   *Attorneys for Plaintiffs* | [ ] U.S. Mail<br>[ ] Hand Delivery<br>[ ] Fax (208) 331-9201<br>[✓] ECF |
| Michelle Matheson<br>MATHESON & MATHESON<br>14368 N. Frank Lloyd Wright Blvd #11<br>Scottsdale, AZ 85260<br>   *Co-Attorneys for Plaintiffs* | [ ] U.S. Mail<br>[ ] Hand Delivery<br>[ ] Fax (480) 889-8952<br>[✓] ECF |

/s/ Neil McFeeley
Neil D. McFeeley