UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Lenford Warren and Doris Warren, husband and wife; Kathleen Houghton; Jim Jambor; Jerry Williams and Sue Williams, husband and wife,<br><br>                Plaintiffs,<br>    v.<br><br>**Twin Islands, LLC,** an Idaho limited liability company, dba Republic Storage, Republic Storage Broadway, Republic Storage Broadway II, Republic Storage Caldwell, Republic Storage Chinden, Republic Storage Linden, Republic Storage Maple Grove, Republic Storage Meridian, Republic Storage Nampa, Republic Storage of Idaho, Republic Storage of Mountain Home, Republic Storage U-Save, and Republic Storage Willowbrook; **City Development, Inc.** dba Republic Storage Joplin, Republic Storage of Eagle, Republic Storage of Star and Republic Storage U-Save; **Republic Storage of Mountain Home, LLP** dba Republic Storage of Mountain Home; **Jerry D. Phillips and Jane Doe Phillips** dba. Republic Storage of Mountain Home, LLP and Republic Storage of Mountain Home; **Republic Storage of Star, LLC** dba. Republic Storage of Star; **Michael E. Moyle** dba Republic Storage of Star, LLC and Republic Storage of Star; **U-Save Storage, LLC** dba Republic Storage Usave; **Rod Blackstead and Jane Doe Blackstead** dba U-Save Storage, LLC and | Case No. 1:11-cv-00098-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION AND ORDER - 1**

Republic Storage U-Save; **Jason Smith and Staci P. Smith**, husband and wife; and **Richard Phillips and Jane Doe Phillips,** husband and wife; **Marsz Investments, LLC** dba Republic Storage of Eagle; and **Shirley Zakovics and John Doe Zakovics,** husband and wife, dba. Marsz Investments, LLC and Republic Storage of Eagle;

Defendants.

## INTRODUCTION

The Court has before it plaintiffs' Motion for Conditional Certification of FLSA Collective Action and Motion to Toll Statute of Limitations (Dkt. No. 32).  Having reviewed the briefing submitted by the parties, the Court has determined oral argument is unnecessary.  For the reasons explained below, the Court will grant the motion to conditionally certify the FLSA collective action, but will deny plaintiffs' motion to equitably toll the statute of limitations.

## BACKGROUND

Defendants operate self-storage units under the name Republic Storage of Idaho. Plaintiffs worked as on-site resident managers at different Republic Storage offices.  As the name suggests, these employees reside at the storage facility locations.

Plaintiffs allege they were improperly classified as exempt "managers" and, further, that they were instructed to log only 35 hours of work per week though they were required to work more than 40 hours per week.  Based on these alleged improper

practices, plaintiffs allege violations of the Fair Labor Standards Act ("FLSA" or the

"Act"); *see* 29 U.S.C. §§ 201-219; Idaho's Wage Claim Act, *see* Idaho Code § 45-606 to -

610; and Idaho's Minimum Wage Law, *see* Idaho Code §§ 44-1501 to-1510.  Plaintiffs

seek to certify a collective action only for the federal wage claim.

## ANALYSIS

### 1.     Legal Standard for Certification of Collective Action

Under section 16(b) of the FLSA, employees may sue employers for violations of

the Act "for and in behalf of himself or themselves and other employees similarly

situated." 29 U.S.C. § 216(b). This is known as a collective action, and it proceeds

somewhat differently than a Rule 23 class action because an employee who wishes to join

an FLSA collective action must affirmatively opt in by filing a written consent.  *See*

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

District courts have the discretion to facilitate the process by which potential

plaintiffs are notified of FLSA collective actions.  *Id.* at 169.  More specifically, district

courts "may authorize the named plaintiffs in an FLSA collective action to send notice to

all potential plaintiffs." *Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir.

2000).  The Ninth Circuit has not articulated a single standard to guide this inquiry, but a

majority of courts adopt a two-step approach.  *See Goody v. Jefferson County*, Case No.

09-cv-437-E-BLW, 2010 WL 1418395, at *1 (citing cases).  At the first step, the district

court determines whether members of the proposed class are "similarly situated."  *See,*

*e.g., Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).  Plaintiff's

burden at this point is minimal; the court is simply deciding whether the potential class should be notified of the pending action.  At the second step – typically initiated by a motion to decertify after discovery is complete – the court engages in a more searching inquiry.  *Id.* at 467.

The FLSA does not define "similarly situated," and the Ninth Circuit has not spoken on the issue.  The Supreme Court did not define the term either, but has indicated that a proper collective action encourages judicial efficiency by addressing in a single proceeding claims of multiple plaintiffs who share "common issues of law and fact arising from the same alleged activity."  *Hoffman-LaRoche*, 493 U.S. at 486.  Practically speaking, however, and given the lack of discovery and limited evidence available to the Court at this early stage in the proceedings, the first-step determination "is usually made under a fairly lenient standard and typically results in conditional class certification."  *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 990 (C.D. Cal.2006),  Indeed, the standard requires "'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'"  *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting *Vaszlavik v. Storage Tech. Corp.*,175 F.R.D. 672, 678 (D. Colo.1997)).

MEMORANDUM DECISION AND ORDER - 4

**2.      Plaintiffs Have Satisfied The Lenient Standards Necessary to Certify a Class**

Plaintiffs have satisfied the first step of this analysis.  Six plaintiffs (working in four separate storage facilities) have submitted affidavits indicating they were required to work more than the 35 hours, and that they were classified as exempt employees.  They all had similar duties.  Four of these six plaintiffs indicate they have spoken to other employees and that these employees say they were worked under similar conditions and alleged violations.  Additionally, all six plaintiffs indicate they signed the same confidentiality agreement, and it appears that all employees were subject to the same set of employee policies, as set forth in Republic Storage's Employee Handbook.  *See Employee Handbook*, *Ex. 8 to Mot.*, Dkt. 32-8.

Defendants concede that on-site Republic Storage managers have similar job responsibilities, but argue against certification. Their lead argument is that the FLSA does not apply because defendants are not engaged in commerce within the meaning of the Act.  *See Opp.*, Dkt. 34, at 3-5.  Defendants assert that Republic Storage facilities are a strictly local business, operating only in the State of Idaho.  Plaintiffs dispute this issue, arguing that (1) their duties included use of the mails and the internet; (2) they accepted credit card payments; and (3) they "rented trucks to individuals storing property at Defendants' facilities which transported goods across state lines."  *Reply*, Dkt. 36, at 4.

The Court will not address this issue at this time because it relates to the merits of plaintiffs' claim.  *See Opp.*, Dkt. 34, at 3 ("Whether Plaintiffs can claim coverage under the FLSA relates to the merits of the claim, not to the court's subject matter jurisdiction.")

(citations omitted); *cf. Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511-16 (2006) (construing Title VII; holding that courts should treat a threshold limitation on a statute's scope as jurisdictional only when Congress has clearly stated that the limitation is jurisdictional). This Court does not evaluate the merits of plaintiffs' case in the context of a certification motion.  *See Hoffmann-LaRoche*, 493 U.S. at 174 ("trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action").  Rather, the Court is concerned only with whether a definable group of similarly situated plaintiffs exists.  *See Hoffman v Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) ("the Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of similarly situated plaintiffs can exist here").  The Court will therefore decide this motion without resolving whether the FLSA applies.

Defendants' next argument against certification is that the various Republic of Idaho storage facilities identified in the complaint are separately owned, which would preclude a finding of joint and several liability.  Defendants do not, however, argue that they had different policies regarding on-site managers.  It bears repeating that, at this initial stage, plaintiffs' burden is minimal; they need nothing more than substantial allegations that putative class members were victims of a single decision, policy or plan.  Plaintiffs have satisfied that modest burden.  They present sufficient evidence that they and potential plaintiffs held the same positions and were subject to the same allegedly improper policies.

## 3.   Statute of Limitations

MEMORANDUM DECISION AND ORDER - 6

Plaintiffs seek to notify potential class members employed by defendants within three years of filing their complaint.  The statute of limitations for FLSA violations is ordinarily two years, but is extended to three years for willful violations.  29 U.S.C. § 255(a).  A violation is willful if the employer "disregarded the very possibility that it was violating the statute."  *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908-09 (9th Cir. 2003).  Generally, there must be evidence of the employer's "kn[owing] or [] reckless disregard for the matter of whether its conduct was prohibited by the statute."  *Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)) (alterations in original).

Plaintiffs have alleged that defendants' violations were willful.  *See Compl.,* Dkt. 1, ¶ 60 ("Defendants' failure to pay overtime . . . was willful as Defendants did not act in good faith in failing to pay proper overtime pay, and had no reason to believe their failure to do so was not a violation of the FLSA").  Defendants did not object to a three-year notice period.  Consequently, although the Court obviously makes no determinations as to the merits of plaintiffs' allegations of willfulness, it will authorize a three-year notice period.

4.    **Tolling**

Plaintiffs argue that the statute of limitations should be equitably tolled – as of August 9, 2011, the date they filed this motion – for all opt-in class members.  Under the FLSA, the statute of limitations for each individual party plaintiff is not tolled until he or she files a written consent to opt in to the action.  29 U.S.C. § 256(b).  The statute of limitations may be equitably tolled when (1) the plaintiff is prevented from asserting a

claim by the defendant's wrongful conduct or (2) extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time. *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (citation omitted). The doctrine "is extended sparingly and only where claimants exercise diligence in preserving their legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Defendants' conduct does not justify equitably tolling the statute of limitations. Plaintiffs assert that defendants did not respond to their request to stipulate to conditional certification. Defendants, for their part, indicate they did not respond because they were exploring their defenses and contemplating retaining new counsel. *Opp.* at 7. The better practice, of course, would have been to at least respond to plaintiffs, but the failure to do so did not prevent plaintiffs from asserting their claim. Plaintiffs have not cited any authority that would support this position.

Plaintiffs generally cite *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530 (N.D.Cal. Apr.11, 2007), for the proposition that equitable tolling is appropriate "where potential plaintiffs have not yet received notice of an action through no fault of their own." *Reply*, Dkt. 36, at 6. In *Adams*, the plaintiffs argued that equitable tolling was appropriate "due to defendant's refusal to supply potential plaintiffs' contact information to the named plaintiffs." 242 F.R.D. at 543. The court agreed, noting both that plaintiffs were not at fault and defendant's refusal was wrongful: "Because plaintiffs have diligently pursued their legal rights by soliciting information from defendants, and defendant's refusal has delayed that pursuit, equitable tolling is appropriate." *Id.*

*Adams*, however, is not directly applicable here and the Court is not persuaded by its reasoning.  *See, e.g., Goudie v. Cable Comms., Inc.*, 2008 WL 4861649, at *3 (D. Or. 2008) (noting district court split regarding whether refusal to supply contact information justifies equitable tolling; concluding that the "*Adams* result is an anomaly . . . .").  The FLSA does not require defendants to provide contact information to plaintiffs until after the court certifies the collective action.  *Id.*  Similarly, it does not require defendants to respond to a request for a stipulation.  Under these facts, defendants have not engaged in any conduct that justifies equitable tolling.

The Court does note, however, that this motion remained pending for an unusually long time.  It was ripe for decision on September 9, 2011.  The Court aspires to decide all motions within 30 to 45 days of their being ripe.  Because that did not happen here – through no fault of either party – the Court will toll the statute of limitations from October 9, 2011 through the date this Order is entered.

**5.    Form of Notice**

The Court will approve the form of notice last submitted by plaintiffs, which is filed at Docket No. 36-1.  Defendants' proposed opt-in form, filed at Docket No. 34-1, may be used with this notice.

The Court will deny plaintiffs' request for telephone numbers in addition to mailing addresses, however.  Employees may have provided such information to their employer with the expectation that it would be kept confidential.

**ORDER**

MEMORANDUM DECISION AND ORDER - 9

**IT IS ORDERED** that Plaintiffs' Motion for Conditional Certification of FLSA Collective Action (Dkt. 32) is **GRANTED** although Plaintiffs' request for equitable tolling, made within that motion, is **DENIED.**

**IT IS FURTHER ORDERED** that this action shall proceed under conditional certification as follows:

(1)    Notice is authorized to all persons employed by defendants as full-time on-site resident managers within a three-year period prior to October 9, 2011.

(2)    Within fifteen days of this Order, defendant shall produce a computer readable list of all current and former on-site resident managers who have worked at any of the self-storage facilities identified in this action from October 9, 2008 to present.  This list shall include the full name for each individual, the last known mailing address and the dates of employment.

(3)    Plaintiffs' counsel is authorized to mail notice and opt-in forms to all potential class members.

(4)    Putative class members will have sixty days from the date notice is mailed to return their consent forms.

DATED:  **February 2, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge